STATE OF LOUISIANA                          NO. 25-K-38

VERSUS                                      FIFTH CIRCUIT

ROBERTO LOPEZ                               COURT OF APPEAL

                                            STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 30, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** ROBERTO LOPEZ

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS,
DIVISION "G", NUMBER 21-5762

---

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Scott U. Schlegel

**WRIT DENIED, STAY LIFTED**

Defendant-relator, Roberto Lopez, seeks emergency supervisory review of

the trial court's ruling permitting the State to introduce a videotape statement of the

victim taken in Florida, as trial is in progress. We granted a limited stay of the

proceedings and requested a response from the State. For the reasons that follow,

we deny the writ application and lift the stay.

*Background*

The State charged defendant with sexual battery - child under thirteen, a

violation of La. R.S. 14:43.1; indecent behavior of a juvenile - child under thirteen,

a violation of La. R.S. 14:81; and aggravated rape - child under thirteen, a violation

of La. R.S. 14:42. Defendant pled not guilty.

The State sought to introduce a videotape interview of the victim that was

taken in Florida. Defendant objected, arguing that the State cannot satisfy the

25-K-38

requirements enumerated in La. R.S. 15:440.5 A, which governs the introduction of statements into evidence, and provides, in relevant part:

> A. The videotape of an oral statement of the protected person made before the proceeding begins may be admissible into evidence if:
>
> ***
>
> (6) The person conducting or supervising the interview of the protected person in the recording is present at the proceeding and available to testify or be cross-examined by either party[.]

Defendant contends that neither the person conducting the interview nor the person supervising the interview is available to testify at trial. Defendant argues that this violates his Sixth Amendment right to confrontation, citing *State v. Duong*, 13-763 (La. App. 5 Cir. 8/8/14), 148 So.3d 623, *writ denied*, 14-1883 (La. 4/17/15), 168 So.3d 395. In *Duong*, this Court stated:

> [E]ither the interviewer or the person supervising the interview be available to testify or to be cross-examined by either party. La. R.S. 15:440.5(A)(6). This statutory requirement serves the purpose of having a witness who can authenticate the video tape, and it serves the purpose of having a witness to testify in regard to whether the process of recording and conducting the interview complied with the statutory requirements.

148 So.3d at 639-40 (quoting *State v. Roberts*, 42,417 (La. App. 2 Cir. 9/19/07), 966 So.2d 111, 123).

In response, the State argued that it seeks to introduce the interview as a "prior consistent statement" under La. C.E. art. 801(D)(1)(b), rather than under La. R.S. 15:440.5. La. C.E. art. 801(D)(1)(b) states:

> D. Statements which are not hearsay. A Statement is not hearsay if:
>
> (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
>
> ***
>
> (b) Consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive[.]

The State contends the tape is independently admissible as a prior consistent statement, and further points out that counsel for the defense "opened the door" in opening statements by referring to the tape itself and by suggesting that the victim is being untruthful. *See State v. Jones*, 02-908 (La. App. 5 Cir. 2/25/03), 841 So.2d 965, 975, *writ denied*, 03-895 (La. 9/26/03), 854 So.2d 345. Finally, to the extent defendant argues that his Sixth Amendment rights are violated because he cannot confront the interviewer in the Florida tape, the State argues that the interviewer is not his accuser; the victim is.

The trial court permitted the admission of the Florida tape into evidence and issued a brief stay of trial. We review the trial court's rulings on admissibility of evidence for an abuse of discretion. *State v. Thomas*, 19-582 (La. App. 5 Cir. 7/29/20), 300 So.3d 517, 526, *writ denied*, 20-1503 (La. 3/2/21), 311 So.3d 1053. Given the trial court's great discretion and the fact-intensive nature of this issue, we find no reason to exercise our supervisory jurisdiction at this time. Relator's writ application is denied. The stay that this Court ordered until 12:00 p.m. today is lifted.

Gretna, Louisiana, this 30th day of January, 2025.

**SMC**
**SUS**

STATE OF LOUISIANA             NO. 25-K-38

VERSUS             FIFTH CIRCUIT

ROBERTO LOPEZ             COURT OF APPEAL

            STATE OF LOUISIANA

**WICKER, J., CONCURS WITH REASONS**

After review, I agree with the decision to deny defendant's writ application. Defendant asserts the trial court erred by denying his motion to strike admission of the videotape of the victim's Florida interview, arguing that, pursuant to La. R.S. 15:440.1, the videotape cannot be admitted without the testimony of the interviewer or supervisor of the interview. The State acknowledges that it is unable to satisfy the particular standards of La. R.S. 15:440.1, but contends the Florida videotape is independently admissible as a prior consistent statement under La. C.E. art. 801(D)(1)(b). The State further contends that defense counsel "opened the door" by referring to the videotape in opening statements, cross-examination of Sergeant Wieter regarding the videotape, and asserting the victim is being untruthful.

La. C.E. art. 804(D)(1)(b) provides that a statement is not hearsay if the declarant testifies at the trial and is subject to cross-examination concerning the statement, and the statement is consistent with the victim's testimony and "offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive." *See also State v. Jones*, 02-908 (La. App. 5 Cir. 2/25/03), 841 So.2d 965, 975, *writ denied*, 03-895 (La. 9/26/03), 854 So.2d 345. The State avers that the victim will testify at trial, subject to cross-examination.

As pointed out by the State, the issue before us is fact-intensive. In the case's current posture, mid-trial, there is no transcript of the opening statements

25-K-38

or the cross-examination of Sergeant Wieter for this Court to consider in determining whether defense counsel adequately "opened the door" for consideration of the videotape or whether all of the requirements of La. C.E. art. 804(D)(1)(b) have been met. This Court has only the benefit of the arguments made by counsel on this issue and, while I am confident that counsel for each side has been truthful, further analysis and consideration of the trial court proceedings thus far is required to definitively determine whether or not the videotape is admissible under La. C.E. 801(D)(1)(b).

At this stage of the proceedings and given the limited information provided, I cannot say the trial court abused its discretion by denying defendant's motion to exclude admission of the Florida videotape. However, I point out that in the event of a conviction, defendant may seek review of this ruling on appeal, during which this Court will have the benefit of the entire record, including all of the transcripts.

**FHW**

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/30/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-K-38**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Darren A. Allemand (Respondent)          Thomas J. Butler (Respondent)
                                          Mark D. Plaisance (Relator)

### MAILED
Remy V. Starns (Relator)          Christen E. DeNicholas (Relator)          Marcus J. Plaisance (Relator)
Attorney at Law                   Attorney at Law                            Attorney at Law
301 Main Street                   848 Second Street                          Post Office Box 1123
Suite 700                         3rd Floor                                  Prairieville, LA 70769
Baton Rouge, LA 70825             Gretna, LA 70053

Zachary L. Grate (Respondent)
Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053